[No. 4481.   Decided March 14, 1903.]

SECURITY SAVINGS SOCIETY, *Respondent,* v. SYLVESTER COHALAN, *Appellant.*

APPEAL — EQUITABLE   CAUSES — CORRECTION   OF   ERRORS   WITHOUT
   REVERSAL.

An equitable action triable *de novo* on appeal will not be reversed for error of the court in the conduct of the trial, when such error does not amount to the rejection of proper evidence,

nor for error in the matter of findings, if the record is sufficient for the appellate court to correct them and direct a judgment accordingly.

ATTORNEY AND CLIENT — ASSIGNMENT OF CLIENT'S MORTGAGE TO COR-
    PORATION — EFFECT OF ATTORNEY'S OWNERSHIP OF STOCK.

Where a stockholder of a corporation, while acting as attorney for a mortgagor, procures an assignment of the mortgage to his corporation at a large discount, his interest as stockholder is such that his client is entitled to the benefit of the transaction, and the corporation would not be entitled to foreclose for more than the amount of purchase price and taxes paid, with interest thereon, and a reasonable attorney's fee.

Appeal from Superior Court, Spokane County.—Hon. GEORGE W. BELT, Judge. Modified.

*Gleeson & Stayt,* for appellant.

*Happy & Hindman,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—This is an action to foreclose a mortgage made by appellant to one P. C. Sorenson and by Sorenson assigned to the respondent. The complaint is in the usual form. Two defenses are interposed, viz.: (1) That the action is barred by the statute of limitations; and (2) "that the above named plaintiff procured the said note and mortgage and assignment thereof, if any such assignment was by them procured, fraudulently and for the purpose of cheating and defrauding this defendant out of his property by and through the agency of one P. C. Shine, who at all of said times was an attorney for and a stockholder of and acting in the capacity of agent and attorney for said plaintiff company, and who was at the same time acting in the capacity of attorney at law and legal counselor and adviser of this defendant in regard to the settlement and cancellation of said note and mortgage." These affirmative defenses were denied, the cause was tried, and findings

and decree rendered in favor of the plaintiff for the full amount prayed in the complaint. Defendant Cohalan appeals.

Three questions are argued in the briefs as follows: (1) That P. C. Shine, an attorney at law, who on a previous occasion had been employed as counsel for appellant, was permitted to sit by and suggest questions to respondent's attorneys in the trial of the case below; (2) that when the trial judge announced orally at the close of the trial that he would make certain findings, he had no authority thereafter to make other or different findings, to be filed with the clerk in writing; (3) "the assignment of the mortgage to plaintiff was a fraud on the rights of the defendant, Cohalan." The first two questions do not affect the merits of the case. If the lower court committed error in the respects claimed, this court will not reverse the case on that account, and send it back to be retried. The cause is tried in this court upon the record *de novo.* If error has not been made in the rejection of evidence, and if the record is sufficient for this court to determine the case upon its merits, we will do so; and, if the findings of the lower court are not correct, this court will correct them, and direct a judgment accordingly. The cause will not be reversed and remanded for the lower court to make or enter, proper findings, where the same can be done upon the record here.

This leaves for our consideration the third question argued. The evidence in the case is practically undisputed. No evidence was offered by appellant upon his alleged defenses. The facts appear to be substantially as follows: The note and mortgage were made on July 21, 1891. At that time appellant was indebted to Mr. Sorenson in about the sum of $700. The note and mortgage were made for $1,000 to cover future advances to equal

that amount. No advances were subsequently made, except, possibly, small amounts to pay taxes on the mortgaged premises. The appellant made small payments on the note down to 1900, amounting in all to $120. The note and mortgage were assigned by the mortgagee, on January 2, 1901, to the respondent corporation, for the sum of $260. Prior to this assignment of the mortgage to respondent, appellant employed P. C. Shine, an attorney at law, to examine the title of appellant to the mortgaged property, to determine the amount of taxes due on the land, and to arrange some settlement of the mortgage in question. In accordance with this employment, Mr. Shine examined the title, determined the incumbrances against the property, and informed appellant thereof. Mr. Sorenson, the mortgagee, was at this time the holder of the mortgage in question. Appellant thereupon requested Mr. Shine to find some person to purchase the note and mortgage from Mr. Sorenson because appellant feared that Mr. Sorenson would foreclose the mortgage, and sell the mortgaged property. Mr. Shine at this time was a stockholder and director in the respondent corporation, and informed Mr. Cohalan, the appellant, that he thought he could get that company to purchase the mortgage. Mr. Shine thereupon wrote a letter to the mortgagee as follows:

"December 14, 1900.
"Mr. P. C. Sorenson, Cœur d'Alene, Idaho.
"Dear Sir:—Mr. Sylvester Cohalan has retained me to look after his business in regard to his homestead in section 24, 25, 44, upon which you seem to have a mortgage dated July 21, 1891, securing a note for $1,000. Please call at my office at your earliest convenience with the mortgage and note with a view to the settlement of the same. Let me know by return mail when I may expect you. Yours very rtuly,                P. C. Shine."

In response to this request Mr. Sorenson came to Mr. Shine's office, and agreed to sell the note and mortgage for $260. Mr. Shine advised the respondent corporation that the security was good for that amount, and that the note and mortgage be purchased, which was accordingly done; and Mr. Sorenson assigned the note and mortgage to the respondent. Thereafter appellant came to Mr. Shine's office, and Mr. Shine testified:

"I told him that I had got the Security Savings Society to take up this mortgage from Sorenson, and that the society got an assignment of the mortgage, and had paid Sorenson for it, and I wanted him to execute a new note and mortgage to the society; and he said that it was entirely premature. And I told him that the Security Savings Society would give him the benefit of a heavy discount upon it, and, if he did not execute the mortgage and note, they would probably proceed for the whole amount; and he says, 'Has not Sorenson been paid?' and I says, 'Yes, but the note and mortgage has been assigned to the Savings Society'; and he says, 'If Mr. Sorenson has been paid, that is all I care for,' and he turned and went out."

Thereafter the respondent paid $44.09 taxes due on the property, and brought suit for the full amount according to the face of the note, viz,. $1,848.85 principal and interest, $44.09 taxes paid, and $100 attorney's fees.

There can be no doubt that if Mr. Shine, while acting as attorney for the mortgagor, had advanced his own money, and purchased the outstanding mortgage at a discount, he could not have foreclosed the mortgage against his client for any greater sum than he had actually paid, with interest from the date of the purchase. Weeks, Attorneys (2d ed.), § 265; *Baker v. Humphrey,* 101 U. S. 494. Mr. Shine was a stockholder and trustee in the corporation which he procured to purchase the mortgage. He was, therefore, a beneficiary in the purchase. His knowledge of

the security and the purposes of the purchase was the knowledge of the purchaser. Weeks, Attorneys (2d ed.), §§ 265, 270. When it was shown, therefore, that Mr. Shine, or the company in which he was interested, had purchased the note and mortgage at a large discount, and that Mr. Shine at the time of the purchase was acting as attorney for the mortgagor, the court should have ordered the mortgage foreclosed for only the amount of the purchase money together with subsequent payment for taxes, with interest at the rate provided in the mortgage and a reasonable attorney's fee. This amount according to the evidence is $304.09, with interest at 10 per cent. since January 2, 1901, $100 attorney's fee, and the costs of the lower court.

The findings will be modified accordingly, and the cause remanded to the lower court to enter a judgment foreclosing the mortgage for the amounts last above named; appellant to recover the costs of this appeal only.

FULLERTON, C. J., and ANDERS and DUNBAR, JJ., concur.